Opinion issued July 28, 2015



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-14-00607-CR
_____

**CRYSTAL DAWN BUENTELLO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 70726**

---

### MEMORANDUM OPINION

Appellant, Crystal Dawn Buentello, pleaded guilty to the third-degree felony offense of possession of a controlled substance (methamphetamine) in an amount of one gram or more but less than 4 grams. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(c) (West 2010). In accordance with appellant's plea-

bargain agreement with the State, the trial court found sufficient evidence to find appellant guilty, but deferred making any finding regarding appellant's guilt and placed appellant on community supervision for a period of three years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2014). The State then filed a motion to adjudicate appellant's guilt, alleging ten violations of the terms of appellant's community supervision. *See id.* §§ 5(b), 21(e). Appellant pleaded "true" to seven of the alleged violations and pleaded "not true" to three alleged violations. The trial court found nine of the allegations true, adjudicated appellant guilty, and sentenced appellant to ten years' imprisonment. *See id.* §§ 5(b), 21(b), 23. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Although not an arguable issue, we note the trial court's judgment does not accurately reflect the proceedings. At the hearing to adjudicate guilt, the trial court found alleged violations two through ten in the State's motion to adjudicate guilt to be "True" and only found alleged violation one to be "Not True." But the trial court's judgment states that the court found alleged violations one, two, and four to be "Not True." We have the authority to reform a judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App.

3

1992); *Ferguson v. State*, 435 S.W.3d 291, 293–96 (Tex. App.—Waco 2014, pet. struck). Accordingly, we modify the trial court's judgment to reflect that the trial court found alleged violations two and four alleged in the State's motion to adjudicate to be "True."

We affirm the judgment of the trial court **as modified** and grant counsel's motion to withdraw.[1] Attorney Keith G. Allen must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justices Radack and Justices Higley and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1]    Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).